[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This dispute has its origin in a lease executed by and between the plaintiff-landlady and the defendant Jo-Lynn Gamble. The defendant William Gamble is named in the lease as a tenant but did not sign it. He did reside in the leased premises with his mother, Jo-Lynn Gamble.
After a summary process action was instituted by the plaintiff against the tenants, that housing court matter was resolved by a stipulated judgment, under which these defendants were to vacate the premises. They finally did vacate on August 2, 1992 in a flurry of chaotic activity which characterized the entire relationship between the parties.
In this suit, the plaintiff seeks to recover on a six count complaint involving allegations of false and malicious criminal complaints, loss of rents, waste, unpaid rent, and costs of the summary process action.
At the conclusion of the plaintiff's case, on motion of the defendants, count one as dismissed as to both defendants, and counts two, three, and six were dismissed as the defendant William Gamble. Decision was reserved on counts four and five as to William Gamble.
I
CT Page 13348
The Second Count involves the plaintiff's arrest on August 2, 1992. The defendant Jo-Lynn Gamble denied making a complaint against the plaintiff. The plaintiff introduced no evidence to support the allegation that the plaintiff caused her to be arrested. The plaintiff's use of a videotape of the episode of August 2 was inconclusive on this issue. No police report, warrant, or court judgment was offered to implicate the defendant.
Judgment may enter for the defendant Jo-Lynn Gamble on this count two.
 II
The third count seeks recovery of rent lost "from one or more prospective tenants who would not rent without an examination of the premises." This claim is based on the failure of the defendants to permit the plaintiff to show the apartment to new tenants. The defendants deny this allegation and Jo-Lynn Gamble testified she was prepared to cooperate and never refused access to the apartment. In addition, the plaintiff cannot identify any prospective tenant who was unable to examine the premises, and this claim is left in the realm of speculation since there is no evidence to show anyone would have rented the apartment but for the defendants' behavior.
Judgment may enter for the defendant Jo-Lynn Gamble on this the third count.
 III
The fourth count claims damages for a variety of items, starting with the defendants' failure to remove trash from the premises and including at least ten repair or replacement items of expense.
The defendants deny these allegations and offered explanations for some of the claims.
The basic weakness to the plaintiff's position on this count is the failure to present evidence to show the expenses incurred were reasonably necessary, that the necessity was due to acts of the defendants, and that the expenses incurred were reasonable.
The plaintiff testified that she had video-tapes of the CT Page 13349 premises before and after the defendants' tenancy which would show the need for her expenditures. When these tapes were shown, they were of virtually no assistance to the court whatsoever. For example, a claim for $1,000 for re-finishing floors was totally unsupported, the tape only showing the floors prior to the tenancy. To the court's comment that they did not appear to be newly re-finished, the plaintiff agreed they were not. They did not appear on the tape showing conditions on August 2, the date of the defendants' removal.
The tapes did not portray a damaged screen door which Jo-Lynn Gamble testified was actually damaged by the plaintiff's present husband. Nor do the tapes depict the condition of the walls which purportedly required patching and re-painting. This claim is also of dubious validity since a re-painting after a change of tenants is the usual practice.
A claim for excessive water use is not supported by the terms of the lease.
The court finds the explanation and bills for cleaning and cleaning material for the unit to be reasonable and allows this item in the amount of $278.84. The electrician's bill does not describe the condition corrected and the plaintiff's testimony is insufficient to place the responsibility for this expense on actions of the defendants. Finally, there is no proof of payment of this item.
As for the two plumbing bills, though there is no proof of payment, the court finds the plaintiff's testimony on these items and the contents of the bills sufficient to warrant an award in favor of the plaintiff in the amounts of $188.89 and $42.00.
This count is directed at both defendants and the court finds them both liable by virtue of their joint occupancy and participation in the summary process action and judgment thereon. Though not a signatory of the lease, William Gamble is named as a tenant.
It should be noted that at least two building department officials of the Town of Wallingford were on the premises on August 2. Though they were called by the defendants to testify on other matters, they were not questioned, nor recalled, by the plaintiff to describe the condition of the apartment when they visited it on that date. Their observations as to floors and CT Page 13350 walls would seem to be relevant to the major items claimed in this count.
 IV
The fifth count of the complaint is a claim for unpaid rent and is based on a stipulated judgment entered in the housing court. In that judgment, the defendants agreed they owed $2,025.00 for March, April, and May of 1992. No mention is made of use and occupancy for June and it was not covered at trial. The judgment does refer to a use and occupancy payment of $337.50 for the period July 15 to August 1, 1992. There was no evidence offered as to payment of that sum. The court therefore can find only unpaid rent due in the amount of $2,025.00. This judgment also provides for interest on the unpaid balance at the rate of 8%. The plaintiff concedes receipt of the defendants' security deposit of $1,350.00 and accrued interest in the amount of $17.86 for a total of $1,367.86. For the reasons noted above, both defendants are responsible for this award.
Therefore, the plaintiff is entitled to a judgment on this count in the amount of $657.14, plus interest at the rate of 8% per annum from September 23, 1992, the date of first notice to the defendants of the accounting and demand for payment.
The defendants have conceded that the plaintiff's notice as to the security deposit satisfies the pertinent statute and their special defense addressing that issue is therefore denied.
 V
The sixth count seeks to recover of the defendants the "costs and expense of bringing the Summary Process action . . . ." The stipulation for judgment in that action is two pages long and appears to be a comprehensive treatment of the dispute involved. There is no mention of costs and expenses and the court must conclude that that judgment was conclusive of the issues before the court in that case at that time.
Further, the court notes that there was no evidence offered as to the court costs and no evidence that any counsel fees incurred were reasonable.
Judgment may enter for the defendant Jo-Lynn Gamble on this count. CT Page 13351
CONCLUSION
Judgment may enter for the plaintiff to recover of the defendants:
 a.) Under count four $ 278.84 230.89 b.) Under count five 657.14 interest, 9/23/92-12/8/97 273.81
Total $1440.68
The plaintiff is entitled to taxable costs.
Anthony V. DeMayo Judge Trial Referee